DAVID RUTTER & Co., Appellee, *vs.* ROBERT J. McLAUGH-
LIN, Appellant.

*Opinion filed December 17, 1912—Rehearing denied Feb. 6, 1913.*

1. PLEADING—*non-joinder of defendants must be set up by a
plea in abatement.* In an action on a contract, if a person be
omitted as a defendant who ought to have been joined as a de-
fendant, advantage of the omission can be taken only by a plea
in abatement, unless the joint liability appears from the plaintiff's
own pleading.

2. SAME—*what does not change rule that defendant must set
up non-joinder by plea in abatement.* The fact that the plaintiff
merely filed the common counts, with an affidavit, does not change
the rule that the defendant must set up the non-joinder of a per-
son jointly liable with him by a plea in abatement, since he is
entitled to ask for a bill of particulars if the declaration and affi-
davit filed do not sufficiently advise him of the plaintiff's claim
to enable him to plead, and if he fails to take that step and pleads
the general issue he admits there is no foundation for a plea in
abatement.

3. SAME—*effect where joint liability does not cover all of the
plaintiff's demands.* The fact that the joint liability of another
person covers only part of the items of plaintiff's demand against
defendant in an action under the common counts for goods sold
and delivered, does not abrogate the rule that the non-joinder of
such person must be taken advantage of by plea in abatement.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit Court
of Cook county; the Hon. JOHN A. GRAY, Judge, presiding.

ROSENTHAL & KURZ, for appellant.

PHILIP CLARKSON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced in the cir-
cuit court of Cook county by the appellee against the ap-
pellant to recover for certain coal sold and delivered by the

appellee to the appellant. The common counts, with an affidavit that the defendant was indebted to the plaintiff in the sum of $709.62, were filed by the plaintiff, and the defendant filed the general issue and an affidavit that he had a good defense to the whole of plaintiff's claim. He also filed a plea of set-off for $2251 for failure to deliver coal as agreed, and for damages to his boiler and heating apparatus in consequence of poor coal furnished him by plaintiff. A trial before the court and a jury resulted in a judgment and verdict in favor of the plaintiff for $490.88. The defendant prosecuted an appeal to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, and that court having granted a certificate of importance, the case has been brought to this court for further review by appeal.

The plaintiff made proof that it had sold and delivered to the defendant certain coal in the city of Chicago pursuant to the terms of a contract between the plaintiff and the defendant, whereby the plaintiff had sold the coal to the defendant for $3.85 and $4 a ton. Thereupon the defendant sought to show in defense of said claim that a portion of the coal sought to be recovered for had been sold and delivered to a firm of which the defendant was a member, and not to him individually. This evidence was excluded by the court on the ground that the defendant could not raise the question of misjoinder of parties under the general issue, but if he desired to show that another was jointly liable with him who had not been made a party, and for that reason there could be no recovery, he should have pleaded that fact in abatement. We are of the opinion the holding of the trial and Appellate Courts upon the question raised by the appellant was correct, as the rule is, that if a person be omitted as a defendant who ought to have been joined in an action on a contract, advantage of the omission can only be taken by a plea in abatement unless the joint liability appears from the plaintiff's own pleading.

(1 Chitty's Pl. 46; Dicey on Parties to Action, 247, 528; 1 Saunders' Pl. & Ev. 10; Hurd's Stat. 1911, chap. 1, sec. 4; *Conley* v. *Good,* Breese, 135; *Lurton* v. *Gilliam,* 1 Scam. 577; *Puschel* v. *Hoover,* 16 Ill. 340; *Pearce* v. *Pearce,* 67 id. 207; *Ross* v. *Allen,* 67 id. 317; *Sinsheimer* v. *Skinner Manf. Co.* 165 id. 116.) The general rule as thus stated is conceded to be correct by appellant except in cases where the pleadings filed by the plaintiff do not inform the defendant, like the common counts, of the precise claim of the plaintiff when it is urged the proof of· joint liability should be admitted under the general issue. We do not understand such to be the rule in that state of the record. The defendant, if he desired to plead the non-joinder of his partner, should have done so by a plea in abatement, (*Puschel* v. *Hoover, supra,*) and if he was not sufficiently advised of the claim of the plaintiff from the declaration and affidavit filed, to enable him to plead to the action,· he should have asked the court that he be advised of the character of the plaintiff's claim by a bill of particulars. When he failed to take that step and pleaded to the merits he admitted there was no foundation for a plea in abatement. (1 Chitty's Pl. 440.) The fact that the joint liability is not claimed to cover all the items of plaintiff's demand does not abrogate the rule requiring that a non-joinder of parties be set up by a preliminary plea, which gives the plaintiff a better writ if he chooses to avail himself of it. 1 Chitty's Pl. (4th Am. ed.) 458; *Hill* v. *White,* 6 Bing. 23; *Prunty* v. *Mitchell,* 76 Va. 169; *Wilson* v. *McCormick,* 86 id. 995.

There are a number of other questions discussed in appellant's brief, namely, (1) that "the verdict is contrary to the evidence;" (2) that "the court erred in not requiring the plaintiff to produce its books" of account, to show to whom the coal was charged; and (3) that "the decision of the Appellate Court is erroneous." The first of these questions this court is not authorized to pass upon; the sec-

ond, in view of the holding of this court, is immaterial; while the last has been determined in the first paragraph of the opinion.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*