## Charles Peterson, Appellee, v. William Sumner Smith, Appellant.

### Gen. No. 23,541.

1. ASSUMPSIT, ACTION OF, § 44*—*when action for money had and received lies.* It is not essential to the maintenance of an action for money had and received that the facts should be such as to imply a contract to repay, and hence the action may be maintained where, under an agreement between plaintiff and defendant, a credit with a third person was to be transferred to a corporation and plaintiff signed an order which he supposed directed such transfer, but which in fact directed its transfer to the defendant.

2. ASSUMPSIT, ACTION OF, § 45*—*when action for money had and received lies.* The action of money had and received is not confined to cases where the defendant actually received the money which it is sought to recover, but it also lies where the defendant has received credit or other property which is the equivalent of money, and for which in equity and good conscience he ought to pay.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 14, 1918.

ALBERT N. POWELL, for appellant.

W. W. KENT, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant from a judgment entered in favor of the plaintiff by the Municipal Court of Chicago on trial by the court without a jury.

Plaintiff sued for money had and received by defendant by reason of an alleged mistake by which plaintiff transferred to defendant a credit of 2,000 marks or $480, being a payment which plaintiff made to a Berlin firm on account of lamps which he had purchased from them.

The affidavit of merits denied any mistake in the transaction and generally denied that the defendant was liable in equity and good conscience to the plaintiff as alleged in the statement of claim.

The evidence for plaintiff tended to show that in January, 1914, at Chicago, the plaintiff met one Gustave Cohn who was representing the firm of Hugo, Krolik & Wolf, of Berlin, Germany. Cohn in behalf of the Berlin firm made an arrangement with the plaintiff by which the firm purported to convey to plaintiff exclusive rights for the sale in the United States and Canada of certain lamps manufactured by them. As a part of the transaction plaintiff gave an order for these lamps to the Berlin firm and in payment therefor sent the firm 2,000 marks.

About one week later while in Cohn's office plaintiff met defendant Smith and was surprised to find that Smith had a similar contract with the same firm for selling these lamps, and had also given a similar order for lamps.

When the true situation was discovered, conferences were held in an endeavor to straighten out the matter. It appeared that defendant and one Anderson had caused preliminary steps to be taken for the purpose of organizing a corporation known as the North American Specialty Company which was to deal in these goods. It was arranged that defendant and plaintiff should each transfer all their rights under their respective contracts with the Berlin firm to this corporation, accepting stock in the corporation according to their respective interests.

In pursuance of this agreement plaintiff signed an order prepared by Cohn which plaintiff supposed directed the Berlin firm to credit upon the account of the North American Specialty Company the 2,000 marks which plaintiff had paid. As a matter of fact, the order did not direct the transfer of this credit to the corporation, but on the contrary directed its transfer to the defendant Smith.

Upon discovering the mistake plaintiff wrote Hugo, Krolik & Wolf asking them to return his money. They refused to do so, stating that the same had already been applied on the account of the defendant Smith. The lamps in question were sent by the Berlin firm to Smith. He never turned them over to the corporation, nor was its organization ever completed, nor did it engage in business as contemplated by the parties.

There was testimony for the defendant tending to show that on March 14, 1914, defendant Smith complained to Hugo, Krolik & Wolf of the actions of their agent Cohn and asked to have defendant's order for lamps canceled. It is, however, established by the evidence that he did not refuse to receive the lamps upon their delivery in Chicago, but on the contrary accepted them.

When demand was made by plaintiff on defendant for the amount of the credit which defendant had received from the Berlin firm by reason of the payment

made by plaintiff, the defendant notified plaintiff to call and get the lamps "that you claim is yours within 5 days." He also demanded a certified check for the storage, freight, duty, insurance and interest, and threatened to sell the lamps unless his demand was complied with.

No propositions of law were submitted to the court by either party, but the one affirms and the other denies that under these facts plaintiff is entitled to recover as for money had and received.

Appellant contends that the evidence must disclose a relationship between the plaintiff and defendant of such a nature that a contract to pay this money may be implied therefrom. He insists that there was an express contract between the parties here as the subject-matter in controversy, and that the law will not therefore imply one (*Willard v. Pittsburgh, C., C. & St. L. Ry. Co.,* 162 Ill. App. 427), and that the plaintiff, therefore, cannot recover and the trial court erred in refusing to grant a motion to strike the statement of claim for this reason.

We think appellant misapprehends the nature of the action. It has often been said that the action for money had and received rests upon an implied contract. This is not always true as a matter of fact.

The action was not known to the common law. It was a well-recognized rule of the civil law from which it was adopted. The fiction of an implied contract was invented by the common-law judges "in order to fit an exorable remedy to a new situation." As was stated in *Board of Highway Com'rs v. City of Bloomington,* 253 Ill. 173:

"After subtracting express contracts and contracts implied in fact, there is still left another large class of obligations, to enforce which the action of general assumpsit is a well established remedy. The principle upon which this latter class of obligations rests is equitable in its nature, and was, like most other equitable principles, derived from the civil law. This

obligation was under the civil law designated '*quasi-contractus*.' Stated as a civil law principle, it was 'an obligation similar in character to that of a contract, but which arises not from an agreement of parties but from some relation between them or from a voluntary act of one of them, or, stated in other language, an obligation springing from voluntary and lawful acts of parties in the absence of any agreement.' (Howe's Studies of Civil Law, 171; Morey on Roman Law, 371.) In *quasi* contracts the obligation arises not from consent, as in the case of contracts, but from the law or natural equity."

The phrase "money had and received" might seem to imply that the right to recover is restricted to cases in which the defendant has actually received the money which it is sought to recover. This is not true. On the contrary, the action also lies where the defendant has received credit or other property which is the equivalent of money and for which in equity and good conscience he ought to pay. *Gordon v. Johnson,* 186 Ill. 31.

Appellant has called our attention to the case of *Ellis v. Ohio Life Insurance & Trust Co.,* 4 Ohio St. 628, holding that in actions of this kind, where the mistake arises from fault or negligence of the party making the demand or paying the money and recovery cannot be had without prejudice to the party who has received it, the action will not lie. We do not question the correctness of the rule there announced. The evidence of the respective parties on that issue was received by the trial court and the finding was against appellant on the facts. The court evidently held that this defense was not established. We cannot say that the finding of the court in that regard is against the weight of the evidence. *Podolski v. Stone,* 186 Ill. 549.

Appellant also contends that the right of action, if any exists, is in the North America Specialty Company rather than the plaintiff. There is no evidence in the record to sustain such contention. Plaintiff's interest

in this credit was never in fact transferred to the corporation so as to enable it to maintain an action.

The judgment will be affirmed.

*Affirmed.*