(No. 25366.—

HARRY GORDON, Appellant, *vs.* S. HAROLD BAUER, Admr., Appellee.

*Opinion filed February 21, 1940—Rehearing denied April 3, 1940.*

JOSEPH R. ROACH, and EDWARD M. KEATING, for appellant.

PHILIP BAIM, for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Harry Gordon filed a claim for $40,000 in the probate court of Cook county against the estate of Lester Bauer, deceased, alleging that on April 1, 1933, the confidential relationship of attorney and client existed between the decedent and himself; that he had purchased and then owned 199 shares of the capital stock of the Advance Fuel Company; that shortly after April 1 he delivered $14,200 to Bauer, his attorney, with instructions to purchase 350 additional shares from two named sources; that subsequent to the acquisition of this stock, as directed, Bauer caused the certificates received by him to be canceled and new certificates issued in his own name, and thereafter refused to deliver the stock to or cause it to be registered in the name of the claimant and "wrongfully, fraudulently, and corruptly, and in violation of the trust and confidence reposed in said decedent by this claimant, claimed to be and held himself out to be the actual beneficial owner thereof, in violation of his duties as attorney for this claimant, and in violation of this claimant's rights in and to said shares of stock." It

is further charged that about May 1, 1933, the claimant delivered certificates representing the 199 shares of stock previously mentioned to his brother, Sidney Gordon, an officer of the Advance Fuel Company and his confidential agent with respect to his interests in the corporation, with directions to cause the shares to be transferred to the claimant's name on the books of the company; that from May 15, 1933, to July 10, 1935, the day the company was adjudicated a bankrupt, the attorney and the brother, pursuant to an agreement and conspiracy to appropriate and deplete the corporate assets, withdrew continuously large sums of money for which no services were rendered and no other consideration given to the company; that the attorney knew the ultimate effect of these withdrawals would be to cause the bankruptcy of the company and the complete loss to him, the claimant, of his investment of more than $35,000 in its stock; that he owned 549 of the 550 shares outstanding and that this stock, valued in excess of $35,000 on May 15, 1933, was used by the decedent to elect himself an officer of the company for the purposes of controlling and depleting its assets. S. Harold Bauer, the administrator of the estate, interposed a plea averring that Gordon's claim is for unliquidated damages based upon an action *ex delicto,* and that, in consequence, the probate court, a court of limited jurisdiction under section 20 of article 6 of our constitution, lacked jurisdiction to entertain the claim. The plea was sustained and the claim dismissed for want of jurisdiction. On appeal, the circuit court, by its order, likewise dismissed the claim. Gordon, the claimant, has prosecuted a direct appeal, asserting that the construction of section 20 of article 6 of the constitution is involved.

It is established that the probate court is not a court of general jurisdiction, but its jurisdiction is circumscribed and restrained by the constitution. In particular, probate courts in Illinois exercise jurisdiction only over claims

growing out of contracts, express or implied, and do not have jurisdiction to adjudicate claims *ex delicto*. Where, however, the tort feasor is enriched by his wrongful act the injured party may waive the tort and sue for money had and received, or for an accounting on an implied or constructive contract upon the principle that the tort feasor is bound to restore to the injured party the gain acquired by him by reason of his improper and wrongful acts. Conversely, where the tort feasor derives no financial gain from his wrongful act the action must be in tort. (*Howard* v. *Swift*, 356 Ill. 80.) Accepting these firmly established principles, Gordon contends that his claim falls within the first classification of torts while the administrator maintains it is a claim falling within the second class. The issue thus made by the claim and the plea resisting its allowance is whether the claim is one where the action must be in tort or falls within one of the six classes of demands against the estate of a decedent authorized by section 70 of the Administration act. (Ill. Rev. Stat. 1939, chap. 3, par. 71, p. 85.) The contention advanced by and decided adversely to the claimant in *Howard* v. *Swift, supra,* that the probate court has general jurisdiction to hear and adjudicate upon all claims which may be made against a decedent's estate presented a question involving the construction of section 20 of article 6 of the constitution. Here, the issue presented for decision is merely the validity of the orders of the circuit and probate courts, and not a question involving the construction of the constitution.

The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*