In re Estate of B. F. Thomas, Deceased.
Nettie Nunn, Appellant, v. Leslie W. Young, Administrator de bonis non of Estate of B. F. Thomas, Deceased, Appellee.

Term No. 4702.

Opinion filed January 26, 1948. leased for publication February 26, 1948.

MILLS, UMFLEET & MAYBERRY and CREIGHTON & KERR, all of Fairfield, for appellant.

MARSHALL & FEIGER, of Fairfield, for appellee.

MR. PRESIDING JUSTICE BARTLEY delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Wayne county ordering, on motion of appellee, the

dismissal of a' claim filed by Nettie Nunn in the county court of Wayne county.against the estate of her brother, B. F. Thomas, deceased. A similar order of dismissal had been entered by the county court and an appeal therefrom had followed to the circuit court.

The claim as amended was for damages alleged to have been sustained by the claimant in having deeded her one-seventh interest in certain lands in Oklahoma to her brother, the decedent, upon his paying her twenty-five hundred ($2,500) dollars, for the conveyances. The claim contained the allegations that in reality the value of the interest of claimant in the property was the sum of fifteen thousand ($15,000) dollars, at the time the conveyances were made; that the decedent had made trips to Oklahoma to investigate the condition and value of the lands and had represented to claimant the lands were in the ''dust bowl'' and unproductive; that if decedent paid claimant the sum of twenty-five hundred ($2,500) dollars therefor, the claimant would probably lose the purchase price on account of said lands being of little or no value; that these representations were false, were known to have been false by the decedent when made, and were made for the purpose of deceiving claimant; and that claimant was deceived by these representations and relied thereon believing the representations to be true and was thereby induced to convey her interest in said lands to the claimant for the sum of twenty-five hundred ($2,500) dollars, when in truth and in fact her interest therein was of the value of fifteen thousand ($15,000) dollars.

There is no allegation in the claim with reference to what disposition has been made of the interest the decedent acquired by virtue of the conveyances from the claimant.

The motion to dismiss the claim is on the ground that it shows on its face it is in the nature of an action *ex delicto* for fraud and deceit and not a claim

against the estate of a deceased person under the constitution and statutes of the State of Illinois.

The probate court or the county court sitting as a court of probate has no jurisdiction of claims *ex delicto.* (*Gordon v. Bauer,* 373 Ill. 357; *Howard v. Swift,* 356 Ill. 80.)

In *Wollenberger v. Hoover,* 346 Ill. 511, it was held that if a vendor had been fraudulently induced to convey real estate, he could bring a suit to set aside the conveyance or bring an action for fraud or deceit. At common law an action for fraud and deceit was an action on the case. (27 C. J. 19.)

The cases holding that a tort may be waived, and a suit may be brought for money had and received or for an accounting on an implied or constructive contract upon the principal that the tortfeasor is bound to restore to the injured party the gain acquired by him by reason of his improper and wrongful acts are limited to where the tortfeasor has been enriched. Conversely where the tortfeasor derives no financial gain from his wrongful act, the action must be in tort. (*Gordon v. Bauer, supra; Howard v. Swift, supra.*)

We must assume that if the decedent or his successors in interest have disposed of the interest in the lands acquired from claimant at a profit, it would have been so stated in the claim. This case must be disposed of on the theory neither the claimant nor his successors in interest had disposed of or incumbered that interest at the time the claim was filed.

One who has been induced by the fraudulent representation of another to enter into a contract may affirm or disaffirm it. If he disaffirms and asserts the fraud, he cannot in the same action turn it into what formerly would have been an action of assumpsit and recover as for an implied promise. (*Bedier v. Fuller,* 106 Mich. 342.)

Furthermore, it has been held that where the gravamen of the transaction sounds in tort, plaintiff will not be indulged in the fiction of an implied contract if the result will be to give jurisdiction over the subject to a court which otherwise would not possess it. (1 C. J. 1033.)

We are of the opinion that the county court sitting as a court of probate had no jurisdiction of this claim, and that the judgment of the circuit court was correct.

*Judgment affirmed.*

CULBERTSON and SMITH, JJ., concur.