2 Ill. App.3d 987 (1971)
276 N.E.2d 728
IDA FRANCES WALSH et al., Plaintiffs-Appellees,
v.
GILBERT OBERLIN et al., Defendants-Appellants.
No. 71-57.
Illinois Appellate Court  Third District.
December 2, 1971.
Rehearing denied January 7, 1972.
*988 Thomas J. Logue, of Mattoon, for appellants.
Richard J. Doyle, of Hoopeston, for appellees.
Judgments reversed.
Mr. JUSTICE STOUDER delivered the opinion of the court:
Pursuant to jury verdicts the circuit court of Iroquois County entered judgments based on fraud and deceit in favor of Ida Walsh, Plaintiff-Appellee, in the amount of $3,300 against Gilbert Oberlin and Reinhardt Lucht, Defendants-Appellants and in favor of August Reder, Plaintiff-Appellee, for $4,000 against Reinhardt Lucht, Defendant-Appellant. Post-trial motions were denied and this appeal followed.
In separate and unrelated transactions the defendants, Oberlin and Lucht, solicited and induced plaintiffs to subscribe to and pay for shares of stock in Ranger Motels Inc., an Arizona Corporation. Each plaintiff paid $5,000 for such shares and the money so paid was turned over to Ranger by defendants. The defendants received no commission for sale of the shares, it appearing that they were interested in the corporation as promotors and investors.
Apparently the Ranger Motel Corporation was unsuccessful although the only specific evidence regarding its affairs is a copy of an order of the Secretary of State of Arizona dissolving the Corporation in 1967.
This action was commenced in March, 1968, against these defendants together with some nine other co-defendants seeking rescission of the stock sale on the grounds that the defendants (all of them) had failed to register the securities in Illinois as rejuired by the Illinois Securities Act. After amendment, the complaint as so amended was dismissed pursuant to defendants' motion for the reason that the complaint failed to allege that the plaintiffs had complied with all of the statutory conditions precedent to enforcement of the statutory liability. At the same time the court granted plaintiffs leave to file a second amended complaint which they did and it is such second amended complaint which is the subject of this appeal. Such second amended complaint was based on common law fraud and deceit and seeks damages based on the alleged fraudulent representations of the defendants on this appeal, Oberlin and Lucht. Since the other defendants named in the original complaint as amended were not named as defendants in the second amended complaint their motion to have the action dismissed as to them was granted, the court including the finding that the dismissal was in bar of any further action against the named defendants and that no just reason existed for delaying appeal. No appeal was taken by the plaintiffs from this judgment.
*989 Defendants, Oberlin and Lucht, moved for summary judgment alleging first that the claim as set forth in the second amended complaint was barred by the five year statute of limitations and second that the original action of plaintiffs seeking rescission and the judgment against them on such complaint represented an election which barred plaintiffs from thereafter seeking monetary damages arising out of the same transaction. These motions for summary judgment were denied. Only the court's ruling on the second motion regarding election of remedies has been assigned as error on this appeal. The case proceeded to trial before a jury resulting in verdicts as aforesaid in favor of each plaintiff and the defendants have assigned as error on this appeal alleged errors in the giving and refusing of instructions, the failure of the plaintiffs to make out a prima facie case and the insufficiency of the evidence to support the verdicts of the jury.
Considering first the defendants' argument that the plaintiffs are barred from seeking damages for fraud and deceit after adverse rulings on their counts for rescission, it is our conclusion that the trial court committed no error in this regard.
The general rule is that the defrauded person may elect to accept the situation created by the fraud and seek to recover his damages, or he may elect to repudiate the transaction and seek to be placed in status quo. (19 I.L.P., Fraud, ch. 2, par. 31.) The rule is based on the recognition that the remedies are inconsistent and that the plaintiff by his conduct or election makes only one of such remedies appropriate under the circumstances. There are no Illinois authorities dealing directly with the election as a matter of pleading particularly in view of the broad authority to join actions or amend pleadings authorized by Ill. Rev. Stat., ch. 110, par. 46. A review of the several cases cited in support of the general rule reveals that none of them actually involve an election or the effect thereof between the remedies of rescission and an action for damages based on fraud and deceit. In In Re Thomas Estate, 333 Ill. App. 238, 77 N.E.2d 426, the claimant was seeking damages in a claim against the estate of the alleged defrauder and whether claimant had or had not rescinded the transaction was not material to the decision. The court decided that the Probate Court had no jurisdiction to consider a tort claim based on fraud and deceit.
In Chicago Trust & Savings Bank v. Anderson, 93 Ill. App. 347, affirmed in Supreme Court by adopting opinion of Appellate Court, 195 Ill. 341, the Court concluded in so far as relevant to this issue, that the alleged defrauded person had ratified the misconduct with full knowledge thereof and was barred from seeking rescission. By the same token the plaintiff would have been barred from seeking damages for fraud and deceit since *990 it was not the election of remedies which was involved but rather the election to waive the fraud altogether and seek to secure the benefits of the contract.
Again in Slade v. Slade, 310 Ill. App. 77, 33 N.E.2d 951, the only question was whether plaintiff was required to rescind the transaction before seeking damages resulting from the defendant's misconduct. The court concluded that the plaintiff was not limited to the single cause of action and accordingly plaintiff's election of one remedy over another was not an issue in the case.
 1 From the foregoing cases we conclude that the election of remedies depends upon the affirmative conduct of the defrauded person, such options being related directly to the fraud charged. Joining inconsistent or alternative remedies does not constitute an election as contemplated by the rule. As indicated by the foregoing facts the original complaint seeking relief based on rescission was not based on fraud or deceit but rather a statutory cause of action. The effect of the decision was that the plaintiffs had not and were not legally entitled to rescind the agreement and hence it can not be said that a rescission did occur. Whatever may have been the intent of the original cause of action it did not involve an election to seek any remedy based on fraud and deceit, the gist of the second amended complaint.
This brings us to defendants' principal assignment of error namely that the evidence is insufficient to support the jury's verdict that defendants were guilty of fraud and deceit. Defendants moved for directed verdict at the close of plaintiffs' case, at the close of all of the evidence and moved for judgment notwithstanding the verdict in their post trial motion. All of the motions were denied.
 2 The elements which make up a cause of action for fraud and deceit have been often stated and need not be repeated here. (Broberg v. Mann, 66 Ill. App.2d 134, 213 N.E.2d 89 and Bennett v. Hodge, 374 Ill. 326, 29 N.E.2d 524.) There is no dispute concerning these necessary elements and the only issue is whether there is sufficient evidence of each of the elements. It is conceded that the defendants solicited the subscription to and sale of shares in the motel company and that the plaintiffs were induced to purchase the shares by the defendants. However defendants insist there is an entire failure of evidence from which it may be reasonably inferred that they made any material representations of fact which were false. Since falsehood is the gist of the action it follows according to the defendants, that plaintiffs have failed to prove any cause of action for fraud and deceit.
The misrepresentations charged in the complaint alleged to have been made by defendants are, "That the company was doing a large and very *991 profitable business which was rapidly increasing; That the Defendant, Reinhardt Lucht, stated he personally invested $10,000.00 in the stock and the Defendant, Gilbert Oberlin stated he personally invested $25,000.00 in the stock; that 20 motels had already been franchised by Ranger Motels, Inc. and that many more additional motels were about to be franchised; that the shares would certainly increase in value and that the President of the Corporation was taking no salary.". While there is some dispute concerning whether the above described representations were made and whether they constitute material representations of fact it is our conclusion that the only evidence relating to falsity which is disputed, is that dealing with the representations of the amounts which Lucht and Oberlin had invested in the motel corporation. Assuming for the purposes of argument that there were representations of investment by Lucht of $10,000 and Oberlin of $25,000, it also appears that Lucht invested $6,700 and Oberlin invested from $13,000 to $16,000. Viewing the evidence most favorably to plaintiffs it is nevertheless our conclusion that the representations were not substantially false and the difference between what was allegedly represented and the true state of facts was not of any significance in the plaintiffs' purchase of the shares. In this regard we note that both Reder and Walsh were retired farmers, that Oberlin and Lucht were or had been farmers residing in the general area with plaintiffs. Reder testified that he was socially acquainted with Lucht, that the matter of the sale of Ranger stock was first broached by Lucht during a visit at the Lucht home, that the matter was discussed generally on several occasions over a period of from four to six weeks. According to Walsh he had invited Lucht to his house for the purpose of buying some shares in another corporation and that Oberlin apparently came along as an interested party. Both Walsh and Reder indicated they believed the defendants to be honorable men and while the plaintiffs may have believed the profit prospects of the company to be good such belief was based on their confidence in the defendants and not upon any representations made. In fact until the second amended complaint was filed in 1968, some three years after the transaction, neither of the plaintiffs had either accused the defendants of being liars or suggested that they had falsely represented the stock in question.
The principal case relied upon by plaintiffs is Rice v. Snarlin, Inc. (Ill. App.2d), 266 N.E.2d 183, and the statement attributable to such case in the plaintiffs' brief illustrates the erroneous theory upon which the plaintiffs proceeded. In the Rice case, the plaintiff alleged the defendant failed to inform the plaintiff that the five hundred (500) companies were chosen at random and that the listing was more in the nature of an advertising flyer rather than a solicited prospectus. The court held that the *992 failure to inform plaintiff as to these several important factors was the very wrong which the plaintiff had alleged and that the plaintiffs may well have acted differently if they had known the undisclosed facts.
In the Rice case the plaintiff specifically alleged the failure to disclose certain facts which were known or should have been known by defendant. In the case at bar neither the pleadings nor the evidence indicate any such nondisclosure. According to the testimony of Lucht, elicited by plaintiffs under Section 60, the plaintiffs sought to infer that because Lucht and Oberlin were members of the board of the Ranger Corporation at some time during 1965, they either knew or should have known facts which they should have disclosed to plaintiffs indicating that the Corporation would be unsuccessful. The issues raised by such testimony were, in the main, irrelevant since it had no tendency either to prove the representations made or their falsity. By interjecting irrelevant issues into the case the essential nature of the action became confused. The fraud charged was not based on nondisclosure and what the defendants may or may not have known about the company's affairs apart from the misrepresentations charged was immaterial.
For the foregoing reasons the judgments of the circuit court of Iroquois County are reversed.
Judgments reversed.
ALLOY, P.J., and DIXON, J., concur.