JACK M. DRURY *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF McLEAN, Defendant-Appellee.

Fourth District   No. 16438

Opinion filed December 30, 1980.

WEBBER, J., dissenting.

James Walker, Ltd., of Bloomington (John R. Bailen, of counsel), for appellants.

Ronald C. Dozier, State's Attorney, of Bloomington (Richard R. Wagner, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On June 20, 1975, plaintiffs, Jack M. Drury and Raymond Brezinski, filed suit in the circuit court of McLean County against defendant, McLean County, seeking reimbursement for fines and costs they paid to the clerk of the circuit court of that county after plaintiffs had been convicted in that court under provisions of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—40) later held to be unconstitutional in *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407. After various pleadings had been filed, both sides had presented motions for summary judgment. On May 27, 1980, the court entered summary judgments for each plaintiff in the sum of $15. They appeal.

Affidavits and undisputed provisions of pleadings on file showed that of the fine and costs money received by the clerk of the circuit court from plaintiffs, $10 from each had been remitted to the county treasurer and $5 from each had been remitted to the county's state's attorney. These sums represented payment of court costs. Fine money in the sums of $500 from Drury and $185 from Brezinski had been disbursed to the State of Illinois and the City of Normal equally. None of the balance had gone into the county treasury. Plaintiffs maintain on appeal that the circuit court was a county officer and because that money had gone into the hands of that officer, the county was liable for reimbursement. The trial court concluded that under the Illinois Constitution of 1970, the clerk of the circuit court was not a county officer and that, therefore, the county was liable only for sums actually received by it, the $30.

Plaintiffs' request for reimbursement was based upon the decision in *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 335 N.E.2d 1. There various persons convicted under statutory provisions held unconstitutional in *McCabe* and still before their trial courts on probation had moved to have their convictions set aside and to be reimbursed for fine and cost money they had paid. The supreme court held that their convictions should be set aside and the respective counties involved ordered to make reimbursement for the fines and costs received even though the counties had not been joined in the action. The opinion indicated that all fines and costs involved had been paid into the various county treasuries. The supreme court described the probationers' actions for reimbursement to "more nearly resemble the common law action for money had and received" than a tort action. 61 Ill. 2d 200, 212, 335 N.E.2d 1, 7.

Article II, section 8 of the Illinois Constitution of 1870 provided for the election every four years of certain county officers, including a clerk of the circuit court in each county. By virtue of the Judicial Amendment of 1962, article VI, section 20 of the Constitution of 1870, as amended, was added to provide that the legislature "shall provide by law for the selection by the judges or election, terms of office, removal for cause and salaries of clerks * * * of the various courts." The provision repealed the provision for the election of clerks of the circuit court as previously contained in article II, section 8. (*Johnson v. State Electoral Board* (1972), 53 Ill. 2d 256, 290 N.E.2d 886.) Article VII, section 4 of the Illinois Constitution of 1970, entitled "County Officers," provides in subsection (c) for the election each four years of a sheriff, county clerk, and treasurer, and states that the county may also elect a coroner, recorder, assessor, auditor, and "such other officers as provided by law or by county ordinance." The office of clerk of the circuit court is not mentioned in section 4 but is provided for in article VI, section 18, entitled "Clerks of Courts," where it is stated in subsection (b) that the legislature shall provide "for the election, or for the appointment by Circuit Judges of clerks * * * of the Circuit Courts and for their terms of office and removal for cause."

We do not agree that the foregoing constitutional changes substantially alter the nexus of the clerk of the circuit court to the county. Rather we deem them to have been enacted for the purpose of removing the constitutional mandate that the clerks be elected and to recognize that the clerks are also judicial officers. For over 100 years the constitutional provision for the office of state's attorney has been in the portion of the constitution providing for the judiciary. (Ill. Const. 1870, art. VI, §22; art. VI (1964), §21; Ill. Const. 1970, art. VI, §19.) Nevertheless, the defendant here does not contend that the state's attorney is not a county officer. County boards are still required by statute to provide for payment of the expenses of the office of the clerk of the circuit court (Ill. Rev. Stat. 1979, ch. 25, pars. 19, 20, 27) when requested by the clerk, to designate the depository for the clerk's funds (Ill. Rev. Stat. 1979, ch. 25, par. 4.1) and, within statutory limits, to fix the salary of the clerk. Ill. Rev. Stat. 1979, ch. 25, par. 27.3.

Our determination that the circuit clerk's relationship to the county continues does not solve all of the problems in the case.

Unlike in *Meyerowitz*, the record here indicates that the funds requested by plaintiffs here never reached the county treasury. In *Peterson v. Smith* (1918), 211 Ill. App. 431, an agent for a corporation received money which was to be turned over to the corporation in return for the issuance of stock. The appellate court concluded that the corporation could not be sued in *assumpsit* for money had and received even though the agent was required to turn the money over to the corporation because

there was no evidence that the corporation ever received the funds. In *City of Chicago v. Fidelity Savings Bank* (1882), 11 Ill. App. 165, the bank brought suit to recover from the city for reimbursement for payments made to a city collector pursuant to an illegal assessment. The court held that for the bank to recover, it was required to prove that the collector had paid the funds into the city treasury. The collector was deemed to be a trustee of the funds rather than an agent of the city for collection. Similarly, in *Houtz v. Board of Commissioners* (1902), 11 Wyo. 152, 70 P. 840, a county was held not to be responsible for fine money improperly received by a justice of the peace but not turned over to its treasurer.

However, the cited cases were decided over a half century ago. In *Meyerowitz*, the county was ordered to remit fine money although never made a party to the proceedings. A cited reason for the ruling was to prevent a multiplicity of litigation. Here, if the clerk were made a party and required to pay, the relationship between the clerk and the county remains such that if the clerk be required to pay, the responsibility for providing the money would ultimately fall upon the county. Thus, in a situation somewhat reverse of that in *Meyerowitz*, holding the county vicariously liable for money had and received by the clerk of the circuit court would be proper.

The instant case is also unlike *Meyerowitz* in that not only did the money in issue not reach the county treasury but it was disbursed by the clerk to other governmental units. However, the *Meyerowitz* court defined the cause of action to be similar to an action for money had and received which would be an action in *indebitatus assumpsit*. Such an action, "in an enlarged sense embraces all cases in which the plaintiff has equity and conscience on his side and the defendant is bound by ties of natural justice and equity to pay the money * * *." (1 Am. Jur. 2d *Actions* §13 (1962).) "In general, * * *, the cases assume that money paid to a court officer under a mistake of law cannot be recovered from him if he has paid it out in the ordinary course of duty." (66 Am. Jur. 2d *Restitution and Implied Contracts* §143 (1973).) However, here the money was not only received under a mistake of law but was also admittedly paid out not "in the ordinary course of duty" but under a mistake as to what that duty was. Under these circumstances equity requires restitution be allowed particularly where, as here, the county would be able to recoup the disbursements from the State and the City of Normal or at least make setoff on future payments due to those entities. See 66 Am. Jur. 2d *Restitution and Implied Contracts* §135 (1973).

We conclude that even under the unusual facts of this case, the reimbursement rights of plaintiffs enunciated in *Meyerowitz* were not defeated and that the County of McLean was responsible to make the reimbursement. We, therefore, reverse the portion of the summary judgment

fixing damages and remand to the circuit court of McLean County with directions that the amounts of the judgments entered be increased to the sum of $515 as to plaintiff Drury and $200 as to plaintiff Brezinski to reflect the fines paid by them to the clerk.

Reversed and remanded.

CRAVEN, J., concurs.

Mr. JUSTICE WEBBER, dissenting:

I respectfully dissent and suggest that the majority has misapplied *Meyerowitz*. In that case, unlike the case at bar, the county was in possession of the fines. There is no suggestion in *Meyerowitz* that mere receipt and transmittal to other entities of government of fines would impose liability on the county. On the contrary, the supreme court recognized, *sub silentio*, that there could be a variety of defendants in such recovery actions when it described such actions as "resemble[ing] the common law action for money had and received." (61 Ill. 2d 200, 212, 335 N.E.2d 1.) Therefore, the instant case must be analyzed in terms of that former action, even though the pleadings and procedures here are cast in the mold of the Civil Practice Act of 1933 (Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq.*).

Money had and received was one of the common counts brought under the action of *assumpsit*. "Generally speaking, whenever one person has in his hands money equitably belonging to another which should be returned, that other person may recover it in *assumpsit* under the count for money had and received." (Puterbaugh, Common Law Pleading & Practice §141, at 160 (10th ed. 1926).) The phrase, "in his hands," is significant. No well reasoned case can be found wherein the defendant in the action has not either actually or constructively been in possession of the money. Constructive receipt involves some privity between the defendant and the recipient of the funds. In *Taylor v. Taylor* (1858), 20 Ill. 650, the action was against a principal for receipt by his agent. The supreme court held it to be good, saying that privity between the plaintiff and the defendant in the action was not necessary. The converse necessarily follows; if the agent has paid over to the principal, there can be no liability on the agent. Such is the case at bar. At best, the circuit clerk was only an agent for collection of fines, and they have been paid over to the State of Illinois and the city of Normal, which are the proper defendants.

This defense was raised by the defendant county, first by motion for summary judgment and also in its answer. In *David Rutter & Co. v. McLaughlin* (1912), 257 Ill. 199, 100 N.E. 509, in speaking to the question of nonjoinder of defendants in an *assumpsit* action, the supreme court

said, "＊ ＊ ＊ the rule is, that if a person be omitted as a defendant who ought to have been joined in an action on a contract, advantage of the omission can only be taken by a plea in abatement unless the joint liability appears from the plaintiff's own pleading." (257 Ill. 199, 200, 100 N.E. 509.) In the instant case, the motion for summary judgment should have been allowed.

The former plea in abatement is thus described: "＊ ＊ ＊ A plea in abatement is defined to be a plea that, without disputing the justness of the plaintiff's claim, objects to the place, mode or time of asserting it, and requires that therefore, and pro haec vice, judgment be given for the defendant, leaving it open to renew the suit in another place or form, or at another time; ＊ ＊ ＊" (Puterbaugh, Common Law Pleading & Practice §71, at 64 (10th ed. 1926).) It can be seen that the modern motion for summary judgment is the functional equivalent of the plea in abatement.

There is yet a further reason that the circuit clerk, and hence his principal, the county of McLean (agency being plaintiffs' theory of this case) cannot be liable. It is that neither the clerk, nor the county, has been enriched by the transaction, except to the extent of the collection of the costs as distinguished from the fines.

The *assumpsit* action proceeded on the legal fiction that a tort had been committed, and that the plaintiff waived the tort and sued on either an express or implied contract. In *In re Estate of Thomas* (1948), 333 Ill. App. 238, 240, 77 N.E. 426, the appellate court said:

> "[3] The cases holding that a tort may be waived, and a suit may be brought for money had and received or for an accounting on an implied or constructive contract upon the principal that the tortfeasor is bound to restore to the injured party the gain acquired by him by reason of his improper and wrongful acts are limited to where the tortfeasor has been enriched. Conversely, where the tortfeasor derives no financial gain from his wrongful act, the action must be in tort. *Gordon v. Bauer, supra; Howard v. Swift, supra.*"

Since the defendant county realized no gain from the fines, the only possible action against it, and probably with minimal success, would be in tort.

Lastly, it must be considered whether as to the county of McLean, the fine payments were voluntary or compulsory. In the early case of *Elston v. City of Chicago* (1866), 40 Ill. 514, 518-19, the supreme court said:

> "＊ ＊ ＊ No case can be found, where money has been voluntarily paid, with a full knowledge of the facts and circumstances under which it was demanded, which holds that it can be recovered back, upon the ground that the payment was made under a misapprehension of the legal rights and obligations of the party paying.

And it is invariably held, that a payment is not to be regarded as compulsory, unless made to relieve the person or property from an actual and existing duress imposed upon him by the party to whom the money is paid, * * * No well considered case, anywhere, has proceeded upon different principles."

Under the admitted facts of the instant case, any compulsion or duress upon the plaintiffs in paying the fines came from the People of the State of Illinois who were the plaintiffs in the underlying proceeding.

For all the foregoing reasons, I believe that the majority has authorized a scattergun approach to the repayment of fines under *Meyerowitz*. It is not sufficient in an action on the common counts for money had and received that the defendant once had the money in his possession. Nor is it sufficient to say, imposing an undue burden on the defendant here, that it could recover over from the State of Illinois, and the city of Normal. In *City of Chicago v. Fidelity Savings Bank* (1882), 11 Ill. App. 165, 169, the court said:

"* * * In an action for money had and received, it is essential to prove that the defendant has actually received the money or money's worth. It is not enough to show that there is money in the hands of a third person which the defendant is entitled to receive, or which he can recover by suit, or for which such third person has given security to pay over to the defendant."

The supreme court has dictated that these fines be recovered by a common law action for money had and received. It follows that, no matter how antique this action be regarded, the rules governing the action must be followed.

I believe that the trial court arrived at the proper result on the merits, even though it should have allowed the motion for summary judgment on behalf of the defendant as the equivalent of a plea in abatement. The plaintiffs' remedy is a suit against those who actually received the fine money, and not against its conduit.

I would affirm the trial court.